IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PATRICK DEWEY SPARKS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-04-562-S-EJL |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| WARDEN R. BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus on November 9, 2004. This case was reassigned to this Court for lack of consent to the jurisdiction of a United States Magistrate Judge. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

INITIAL REVIEW ORDER 1

# I.

# BACKGROUND

In December 1999, Petitioner was convicted of robbery and a firearm enhancement after a jury trial in the Fourth Judicial District Court of the State of Idaho. He filed both a direct appeal and a post-conviction matter in state court, and pursued each through the Idaho Supreme Court. In his federal Petition, he brings claims under the Fifth, Sixth, and Fourteenth Amendment.

# II.

# REVIEW OF PETITION

**A.  Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

**B.  Discussion**

INITIAL REVIEW ORDER  2

Petitioner brings three habeas corpus claims.  The third claim does not appear to be an actual claim.  It reads, "preserving right to augment if necessary."  It then refers to page 4.  Page 4 lists various causes of actions; however, Petitioner has identified no particular federal ground for the causes of action.  The Court will not consider the third claim an actual claim, but merely a request to amend the petition.  If Petitioner wishes to assert the causes of action on page 4 or any others, he must file an amended petition listing each as a separate cause of action and identifying a federal ground for each cause of action.  Petitioner shall file any amended petition within the next thirty (30) days, and mail a copy to the Attorney General at the address listed below.

The Court will order the Clerk to serve a copy of the original Petition on counsel for Respondent, who may respond to the amended petition, or to the original Petition if no amended petition is filed within thirty (30) days, either by answer or pre-answer motion.  Respondent shall also provide relevant portions of the state court record to this Court.

For any of Petitioner's claims that meet the procedural requirements for a federal habeas corpus action and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

**III.**

INITIAL REVIEW ORDER  3

## PETITIONER'S OTHER REQUESTS

**A.     Motion for Judicial Review/Determination**

Petitioner asserts that his state court counsel had a conflict of interest, and seeks to have the Court determine that a *Strickland* violation occurred as a result of the conflict. This issue appears to be part of Petitioner's first claim, and therefore, there is no need to file a separate motion on the issue. The Court will consider this issue in due time, provided that there are no procedural bars to hearing this claim on the merits.

**B.     Motion for Production of Records**

Petitioner requests that the Court compel the state courts to produce the state court record. In a habeas corpus action, the Respondent produces the state court record for the federal court. Therefore, this Motion is moot.

**C.     Motion to Proceed in Forma Pauperis**

Petitioner has requested in forma pauperis status. Petitioner stated in his Affidavit that he does not have employment at the prison. Additionally, at the time he filed his Petition, Petitioner had a negative balance in his prison trust account. Based on the foregoing, Petitioner's Motion shall be granted, which allows Petitioner to pay the filing fee when and as he can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in his prison trust account.

**D.     Request for Appointment of Counsel**

INITIAL REVIEW ORDER  4

Petitioner has also requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.  In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner's claims appear to be articulated in an understandable manner.  At this point, it is unclear whether Petitioner has a likelihood of success on the merits.  Because the Court can better determine that question after it reviews Respondent's response and the state court records, the Court will presently deny the request for appointment of counsel, but will reconsider it after it reviews Respondent's submissions.

### IV.

### ORDER

INITIAL REVIEW ORDER  5

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for in Forma Pauperis Status (Docket No. 1) is GRANTED.  Petitioner is ordered to pay the $5.00 filing fee when he next receives funds into his prison trust account.

IT IS FURTHER HEREBY ORDERED that Petitioner's request for appointment of counsel, contained in the Petition (Docket No. 3), is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Judicial Review or Determination (Docket No. 5) is MOOT.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Produce Records (Docket No. 6) is MOOT.

IT IS FURTHER HEREBY ORDERED that, if Petitioner wishes to file an amended petition, he shall do so within the next thirty (30) days and serve a copy on Respondent by mail.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve a copy of the Petition (Docket No. 3), with exhibits, together with a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent, as follows:

> L. LaMont Anderson
> Office of the Idaho Attorney General
> P.O. Box 83720
> Boise, ID 83720-0010.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts within 90 days after entry of this

INITIAL REVIEW ORDER  6

Order.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any motions for summary judgment within 120 days after entry of this Order.  A motion for summary judgment shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses to such motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses.  These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not

INITIAL REVIEW ORDER  7

object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5 or as designated by the ECF system.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as designated by the ECF system.

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

DATED:  **May 6, 2005**

*[Signature: Edward J. Lodge]*

INITIAL REVIEW ORDER  8

                                                   Honorable Edward J. Lodge
                                                   U. S. District Judge

INITIAL REVIEW ORDER  9