IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PATRICK DEWEY SPARKS,⁣  )
⁣  )
⁣            Petitioner,⁣  )⁣   Case No. CV-04-562-S-EJL
⁣  )
v.⁣  )⁣   **MEMORANDUM ORDER**
⁣  )
WARDEN R. BLADES,⁣  )
⁣  )
⁣            Respondent.⁣  )
_____⁣  )

      Pending before the Court in this habeas corpus action are Petitioner's Motion to Amend (Docket No. 12) and Respondent's Motion for Partial Summary Dismissal (Docket No. 15). The Clerk of Court has provided Petitioner with the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Docket No. 17). Petitioner has not filed a response to the Motion for Summary Dismissal. Because the time for responding to the Motion has now passed, the Court will consider the Motion fully briefed. Having reviewed the record in this case, as well as the state court record, the Court enters the following Order.

MEMORANDUM ORDER  1

# I.

## MOTION TO AMEND

Petitioner has filed a Motion to Amend (Docket No. 12), which appears to be a supplement to Petitioner's original Petition.  The Court will grant the Motion and address Petitioner's claims below.

# II.

## MOTION TO DISMISS

### A.    Standard of Law for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or individual claims in a petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]   Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To exhaust a habeas claim properly, a habeas

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM ORDER  2

petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In reviewing a habeas petition filed by a pro se prisoner, the court may view the petition "more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). In this case, Petitioner's claims are presented in a cursory manner and, as a result, are hard to discern. The Court has liberally construed Petitioner's claims as cognizable constitutional claims insofar as possible.

### B.     Claim One of the Original Petition/Claim I of the Amended Petition

Petitioner was convicted after jury trial of robbery and use of a weapon during a robbery for the sentencing enhancement portion of the charge. *See State's Exhibit A-1*, at pp. 59-61. On January 2000, Petitioner was sentenced to ten years fixed and ten years indeterminate on the robbery conviction, and five years for the sentencing enhancement. *Id.* at pp. 63-65. Petitioner later filed a direct appeal and a post-conviction action, both of which were unsuccessful.

MEMORANDUM ORDER  3

Claim One in Petitioner's original Petition is ineffective assistance of trial counsel and  conflict of interest of trial counsel.  This claim is not at issue in Respondent's current motion, and appears to have been properly exhausted.  *State's Exhibits D-1 through D-10*. Claim I of the Amended Petition (Docket No. 13) restates Claim One of the original Petition, and, with its three questions,[2] shall be considered part of Claim One.

**C.    Claim Two of the Original Petition**

Claim Two in the original Petition is that the judge imposed a sentencing enhancement "without lawful affirmative authority."  Petitioner asserts that this is a violation of his Sixth Amendment right.  This appears to be an *Apprendi* claim regarding the five-year enhancement imposed by the judge.  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court determined that any fact that increases

---

[2]Petitioner asserts in his Amended Petition that the right to counsel is so basic to a fair trial that it can never be considered harmless error.  This is mere argument in support of Claim One (ineffective assistance of counsel and conflict of counsel).  Petitioner's three questions also relate to Claim One, but are not claims in themselves.

Petitioner's first question is not appropriate in a habeas corpus action – "Was the state court decision contrary to law, when it decided, and upheld, that defendant had not raised and preserve the ineffective counsel claim on appeal and therefore could not raise said appeal in post-conviction?"  Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process.  *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).

Petitioner's second question – "Is conflict of counsel a presumed prejudice?" – appears to be merely a part of Petitioner's legal argument. Petitioner's third question is likewise legal argument – "Even if conflict of counsel was not presumed, and if counsel perceived that a conflict existed, and thereupon failed to file motions or take actions to impeach the primary witness, is prejudice found from denying the defendant Sixth Amendment rights under the confrontation clause?  The Court will not construe this as a separate Confrontation Clause claim, but as an ineffective assistance/conflict of counsel claim regarding whether counsel's performance was  deficient, and whether prejudice occurred regarding cross-examination of the primary witness.

MEMORANDUM ORDER  4

penalty for a crime beyond the prescribed statutory maximum, other than the fact of prior conviction, must be submitted to jury and proved beyond reasonable doubt.

Petitioner has not ever presented this federal claim to the state courts, having presented only state-law abuse of discretion claims to the state appellate courts; hence, it is procedurally defaulted.  Beyond that, however, the state court record shows that the jury separately found that Petitioner used a firearm during the commission of the robbery. *State's Exhibit A-1*, at pp. 59-61.  Therefore, there is no factual basis for Petitioner's Sixth Amendment claim.  Accordingly, the Court concludes that Petitioner's Claim Two fails to state a claim upon which relief can be granted and is subject to dismissal.

**D.    Claim II of Amended Petition**

Claim II of Petitioner's Amended Petition is an actual innocence claim.  However, the United States Supreme Court has determined that a claim of actual innocence is not cognizable on collateral review in a federal habeas corpus action. *Herrera  v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").  Therefore, this claim is dismissed as noncognizable, but the Court will consider the actual innocence argument below as it relates to an excuse for the procedural default of Petitioner's other claims.

MEMORANDUM ORDER  5

**E.     Claim III of Amended Petition**

Claim III of the Amended Petition is a claim of prosecutorial misconduct.  It also appears to include subparts relating to police officers' violation of his rights.  He alleges that prior to his arrest officers took him to the scene to see if witnesses could identify him, that they did not allow him to have counsel during the identification process, that the signature on the waiver form is not his, that his *Miranda* rights were violated, that police failed to produce the tape of his confession, and that several prosecutorial errors occurred during trial.

Of the foregoing, only Petitioner's *Miranda* claim has been exhausted.  *State's Exhibits C-1 through C-9.*  The other claims – whether subparts of a prosecutorial misconduct claim or whether individual claims in themselves – are procedurally defaulted.  Petitioner has been provided with the cause and prejudice standard and has made no effort to provide facts showing that cause and prejudice for the claims exist.  Therefore, Plaintiff's Claim III of the Amended Petition shall be dismissed with prejudice with the exception of the *Miranda* claim.

**F.     Actual Innocence to Excuse Procedural Default**

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is

MEMORANDUM ORDER  6

actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  To satisfy this standard,

a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506

U.S. 390, 404 (1993).  If a petitioner brings forward new evidence not presented at trial

which tends to show his innocence, the Court must then determine whether, "in light of

the new evidence, no juror, acting reasonably, would have voted to find [the defendant]

guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Upon such

a showing, a petitioner may proceed with his claims, provided that his claim of actual

innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.*

at 316.

Petitioner's actual innocence claim is based upon the following: (1) the police dog

did not recognize Petitioner; (2) no witnesses could identify Petitioner during a field

identification; (3) Petitioner's shoes did not match up to a footprint at the scene; (4) the

in-court identification of Petitioner by Julie Helleson was improper because there was no

previous line-up; (5) the robbery weapon was found in Petitioner's neighbor's house; (6)

the weapon was never subjected to fingerprint tests; (7) Petitioner's confession should

have been suppressed; (8) money found on Petitioner was not proven to be the money

taken in the robbery; (9) the mask was never tested for hair or other DNA samples; and

(10) a state's witness was never investigated as a suspect even though he matched the

description of the robber given by Julie Helleson. *See Petitioner's Motion to Amend*

(Docket No. 13).

MEMORANDUM ORDER  7

The foregoing items do not meet the *Schlup* test for new evidence.  Items (1), (2), (3), (5), (6), (8), and (10) were presented at trial or could be inferred from evidence presented at trial.  Items (4) and (7) are questions of legal sufficiency and not factual innocence.  Items (6) and (9) regarding the gun fingerprinting and hat DNA testing rely on mere speculation and do not qualify as "exculpatory scientific evidence."  *Schlup*, 513 U.S. at 324.

Countering Petitioner's claim of actual innocence is the following evidence from the state court record.  Several of Petitioner's neighbors and other people present in Petitioner's neighborhood on the date of the robbery testified at trial.  Charles Coble stated that Petitioner told him that Petitioner planned to commit the robbery before it occurred.  *State's Exhibit A-4*, at p. 127.  Coble, Christine Marshall, and William Bradeen all testified that Petitioner told them that he had just committed the robbery.  *Id.*, at pp. 131, 143, 153 & 168.  Several witnesses identified Petitioner as wearing a large winter coat that night, like the perpetrator, even though it was mid-July.  *Id.* at 142 & 166.  The coat and other items identified in the robbery, including the hat and wads of money, were recovered from Petitioner's residence.  *Id.* at 374-400.  Petitioner confessed to a police officer and provided a motive for the robbery.  *Id.* at 314-16.

Because Petitioner has no new evidence of the nature required by *Schlup*, and because there is sufficient evidence in the record supporting his conviction, his claim of

MEMORANDUM ORDER  8

actual innocence fails.  As a result, the Court concludes that the procedural default of Petitioner's claims bars the Court from considering them.

# III.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Amend (Docket No. 12) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Respondents' Motion for Partial Summary Dismissal (Docket No. 15) is GRANTED as to Petitioner's Claim Two of the original Petition, Claim II of the Amended Petition, and all subparts of Claim III of the Amended Petition except for the *Miranda* claim.

IT IS FURTHER HEREBY ORDERED that Petitioner may proceed on the merits of the following claims: Claim One of the original Petition, ineffective assistance of counsel and conflict of counsel (insofar as any subparts of these claims were presented to the Idaho appellate courts), and Petitioner's *Miranda* claim (insofar as it was presented to the Idaho appellate courts).  All motions for summary judgment shall be filed no later

than **July 31, 2006.**  Responses are due thirty (30) days after motions are filed, and

replies, if any, are due fourteen (14) days after responses are filed.


DATED:  **March 13, 2006**

Honorable Edward J. Lodge

U. S. District Judge